■ In the Matter of EUGENE B. O'BRIEN, Appellant, v. M. MILTON GLASS et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and FRANKLIN NATIONAL BANK, Intervenor-Respondent.— In a proceeding pursuant to article 78 of the CPLR, subdivision e of section 668 of the New York City Charter and section 668e-1.0 of the Administrative Code of the City of New York to annul respondents' deter-

mination, dated February 3, 1970, granting intervenor-respondent an extension of time to complete construction of a building, under section 11-324 of the Zoning Resolution of the City of New York, petitioner appeals from a judgment of the Supreme Court, Queens County, dated January 24, 1972, which denied the application and confirmed the determination. Judgment affirmed, without costs. In our opinion, the respondent Board of Standards and Appeals of the City of New York was empowered by section 11-324 of the city's Zoning Resolution to grant to the intervenor-respondent, the owner by a Referee's deed of a major development, more than one extension of time for the completion of the building in question (*Matter of Fleming [Glass]*, N. Y. L. J., Feb. 4, 1969, p. 22, col. 3). Hopkins, Acting P. J., Munder, Martuscello and Gulotta, JJ., concur; Benjamin, J., concurs, with the following separate memorandum: In this case there is a long history of successive extensions of time, granted by the Board of Standards and Appeals, for the construction of a presently nonconforming apartment house over the Long Island Railroad tracks in Kew Gardens. In my opinion the extension now before us on this appeal was improperly granted, in view of the applicant's long-continued inactivity in proceeding with construction of the building. However, the sole issue raised by appellant, both at Special Term and in this court, is whether the board had *power* to grant this successive extension under section 11-324 of the city's Zoning Resolution. Like my colleagues, I believe the Zoning Resolution conferred that power on the board. As that is the only issue before us on this appeal, I concur for affirmance of the judgment confirming the board's determination.